FRIEDA ENGLBERGER, an Infant, by CHARLES ENGLBERGER, Her Guardian ad Litem, and CHARLES ENGLBERGER, Respondents, v. EUGENE HULSE, Doing Business as BELLPORT SANITARY LAUNDRY, Defendant, and FREDERICK GRONHOLZ, Appellant.— Action by an infant to recover damages for personal injuries allegedly caused by the negligence of the defendants in operating respectively a truck and an automobile in opposite directions on a public highway; and by the infant's father to recover damages for loss of services and medical expenses. Upon a trial of the issues a verdict was rendered in favor of the plaintiffs against the defendants. Judgment affirmed, with costs. (Civ. Prac. Act, § 106.) Hagarty, Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., dissents and votes to reverse and to grant a new trial for appellant, with the following memorandum: Plaintiffs' Exhibit 1, a report made to the State Motor Vehicle Bureau by the driver of the car of defendant Hulse, was improperly received in evidence to the prejudice of appellant Gronholz. The driver was called as a witness for plaintiffs and the report was received at plaintiffs' instance on direct examination. Part of the report consisted of the following words: " Car No. 1 [that of defendant Hulse] traveling east over small hill — Car No. 2 [that of appellant Gronholz] traveling west over small hill — Both cars in center of road." This was confirmatory of, and not inconsistent with, the testimony of the witness as to the position of the car he was driving. At the time the report was admitted, the witness had given no definite testimony as to the position of the car of appellant. Section 343-a of the Civil Practice Act has no application. That part of the report reading " too te [late] to avoid collision " was also improperly received. The report also contains data, in effect, that the car of appellant was on the wrong side of the road. It was error for the court to refuse to instruct the jury, as requested by appellant, that such statement was not evidence against appellant and that that part of the report should be disregarded.

RUSSELL FOGUS, Respondent, v. MARTIN P. CAREY, Appellant.— In an action to recover damages for personal injuries, order denying defendant's motion for judgment on the pleadings dismissing the complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.