■ GRACE SIMONETTI et al., Respondents, v. ROY E. MELHORN et al., Appellants, et al., Defendants.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from so much of a judgment entered on a jury verdict as is in favor of respondents against appellants. Judgment insofar as appealed from unanimously affirmed, with costs. Respondent Grace Simonetti was a passenger in appellants' motor vehicle which collided with the motor vehicle of the defendants Lindner. Respondents called the driver of the Lindner car as a witness. On redirect examination respondents offered in evidence the report to the Motor Vehicle Bureau signed and filed by the witness. Over appellants' objection that it was self-serving and not contradictory of the testimony of the witness, the report was received in evidence. Its reception was proper in view of the statements therein contained contradictory to the oral testimony given by the witness. (Civ. Prac. Act, § 343-a; *Englberger* v. *Hulse,* 261 App. Div. 921, affd. 286 N. Y. 653.) Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

## (November 9, 1959)

■ In the Matter of the Estate of THOMAS W. WALLER, Deceased. MAURICE WALLER et al., as Successor Trustees under the Will of THOMAS W. WALLER, Deceased, Appellants; MORTON MILLER, Respondent.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ JAMAICA SAVINGS BANK, Respondent, v. BENNIE ATNER et al., Appellants, et al., Defendants.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ ALEX BORELLA, Appellant, v. WILLIAM B. EISEN et al., Respondents.— In an action to recover damages for injuries to person and property, the appeal is from a judgment, entered on a jury verdict, dismissing the complaint. Appellant was alleged to have been injured in a collision between a motorcycle, which he was operating, and a motor vehicle, owned by the testate and operated by respondent William Bernard Eisen. The collision was alleged to have occurred when the motor vehicle veered to the left, without warning, while appellant was attempting to pass it on his motorcycle. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.